IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA MARROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-972-DWD |
| ) | |
| AISIN MFG. ILLINOIS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Amanda Marroy alleges that her former employer, Defendant Aisin MFG. Illinois, LLC, violated her rights under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act by refusing to accommodate her high risk pregnancy, by retaliating against her for requesting reasonable accommodations, and by discriminating against her on the basis of her pregnancy. On November 11, 2020, Defendant filed an answer that included several affirmative defenses. By motion dated November 16, 2020, Plaintiff seeks to strike several of Defendant's affirmative defenses. (Doc. 27). For the reasons delineated below, Plaintiff's motion is granted in part and denied in part.

### FACTUAL BACKGROUND

Beginning in October 2017, Plaintiff Amanda Marroy worked as a manufacturing specialist in the paint core process at Defendant Aisin MFG. Illinois, LLC's manufacturing plant in Marion, Illinois. On June 13, 2018, Marroy disclosed to management and human resources personnel that she was pregnant with an estimated due date of February 19,

2019. In October 2018, Marroy informed the appropriate personnel at Aisin that she had a high-risk pregnancy and was temporarily unable to work, requiring medical leave until she was at least six-weeks post-partum.

Marroy provided the necessary medical documentation in support of her request, but her leave request was only approved through January 16, 2019. She met with Aisin's human resource managers on January 9, 2019, to request the additional time off until she needed to reach at least 6 weeks post-partum, as recommended by her doctors. At the time of the meeting, Marroy was scheduled to be induced on February 4, 2019. Her request was denied, and she was warned that she would be terminated as an employee if she did not return to work by February 13, 2019.

Marroy gave birth via an emergency c-section on February 6, 2019. She was discharged from the hospital on February 8, 2019, with restrictions that prevented her from returning to work immediately. Aisin terminated Marroy's employment on February 13, 2019. Marroy's doctors cleared her to return to work on March 6, 2019, though she did not return to Aisin.

Defendant's answer to Plaintiff's amended complaint includes twelve affirmative defenses, and Plaintiff moves to strike defendants 1-3 and 6-12:

1. Defendant denies all allegations specifically admitted.

2. Defendants denies it engaged in any wrongful conduct and denies that Plaintiff is entitled to any legal relief.

3. Plaintiff has failed to state a claim upon which relief can be granted.

…

6. Plaintiff was not denied a reasonable accommodation.

7.  Plaintiff's proposed accommodation would have been an undue hardship.

8.  Plaintiff's claims for alleged retaliatory conduct cannot be maintained against Defendant because of the failure to allege the requisite causal connection between alleged protected activities and the alleged adverse employment action.

9.  There was no reasonable accommodation that would have enabled Plaintiff to perform the essential functions of her position.

10. Plaintiff cannot point to any similarly situation [sic] individuals, outside of her protected class, who were treated differently.

11. Any and all actions taken by Defendant with respect to Plaintiff's employment were for legitimate non-discriminatory, non-retaliatory reasons and were taken for good cause in the good faith exercise of Defendant's reasonable business judgment.

12. Plaintiff has not suffered any damages as a result of any alleged unlawful conduct by Defendant.

(Doc. 26, p. 27-28).

## ANALYSIS

Plaintiff moves to strike Defendant's affirmative defenses as insufficiently pleaded. Federal Rule of Civil Procedure 8(c) provides that "a party must affirmatively state any avoidance or affirmative defense". Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense . . . or immaterial . . . matter." When considering a motion to strike, the Court applies the same test used to weigh a Rule 12(b)(6) motion. That is, the non-moving party's well-pleaded facts are deemed admitted, all reasonable inferences are drawn in the pleader's favor, and all doubts are resolved in favor of denying the motion to strike. *See generally Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009); s*ee also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(noting that affirmative defenses must meet the pleading standards of the Federal Rules of Civil Procedure). Additionally, the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses as well, meaning that the standard requiring a plaintiff to plead with "factual plausibility" and "more than mere labels and conclusions or a formulaic recitation" is also applicable to the defendant. [1]

Allegations in affirmative defenses are also insufficient if they bear no relation to the controversy between the parties or if they would prejudice the movant. *See Red Label Music Publishing, Inc. v. Chila Productions*, 388 F.Supp.3d 975, 980 (N.D. Ill. 2019). "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 n.1 (7th Cir. 2019)(quoting *Divine v. Volunteers of America of Illinois*, 319 F.Supp.3d 994, 1003 (N.D. Ill. 2018)). Based on this definition, several of Defendant's alleged affirmative defenses are not proper affirmative defenses.

---

[1] As noted by other courts, the Seventh Circuit has not yet decided whether affirmative defenses must comport with the *Twombly* and *Iqbal* standards. However, among the district courts in this Circuit there is disagreement although the majority seem to subscribe to the belief the heightened pleading standards applicable to plaintiffs under *Twombly* and *Iqbal* are also applicable to defendants attempting to plead affirmative defenses. *See Soos & Associates, Inc. v Five Guys Enterprises, LLC*, 425 F.Supp.3d. 1004 n.2 (N.D. Ill. 2019) (siding with the majority view and concluding that affirmative defense must contain "sufficient factual matter to be plausible on its face."); *Sarkis' Café, Inc. v Sarks in the Park*, *LLC*, 55 F.Supp.3d 1034 (N.D. Ill. 2014). *Cf LaPorte v Bureau Veritas N. Am. Inc.* 2013 WL 250657. This Court believes that just as the heightened pleading standards for plaintiffs serves the purpose of ensuring the theory of recovery that is pled is at least plausible and not just possible, it is also served when pleading avoidance and affirmative defenses. *See* FED. R. CIV. P. 8(c).

Affirmative defenses based on a recital of the Rule 12(b)(6), like Defendant's 3rd affirmative defense, have been routinely rejected by courts as improper. *See e.g.*, *Divine*, 319 F.Supp.3d at 1003. Blanket denials of Plaintiff's allegations or of any wrongdoing also do not fall within the definition of an affirmative defense. As a result, Defendant's 1st, 2nd, and 6th affirmative defenses will be stricken, as they are not affirmative defenses. Defendant's 8th affirmative defense suggests that there is a pleading failure in Plaintiff's amended complaint because a required causal connection is missing from the allegations. This line of argument should have been addressed through a Rule 12(b)(6) motion, and the argument cannot be raised as an affirmative defense. Courts also do not consider Defendant's 12th affirmative defense, which alleges that Plaintiff has not been damaged by Defendant's unlawful conduct, to be an affirmative defense because the allegation serves to suggest that a plaintiff cannot prove the elements of a claim. *See Weifang Tengyi Jewelry Trading Co. Ltd. v. Intuii LLC*, 2019 WL 3889626 at *6 (N.D. Ill. Aug. 19, 2019) (collecting cases noting that alleging a lack of damages negates an essential element of a claim).

As to Defendant's 7th and 9th affirmative defenses, each fails to meet the pleading requirements of *Twombly* and *Iqbal* in that they fail to provide "sufficient factual matter to be plausible on its face." For all these reasons, affirmative defenses 1, 2, 3, 6, 7 8, 9 and 12 will be stricken.

Defendants remaining challenged defenses (10 and 11) fall within the scope of the definition of a proper affirmative defense. Defendant suggests that the motion to strike should be denied summarily because Plaintiff does not claim any prejudice as a result of

the defenses. The Court notes, however, that in the context of an insufficiency challenge to a defense, courts, like the *Red Label* court, often opt to treat the prejudice inquiry as a disjunctive to the relevancy inquiry, so the Court will not strike the defenses solely for failure to allege prejudice. *But see Ford v. Psychopathic Records, Inc.*, 12-cv-603-MJR-DGW, 2013 WL 3353923 at *6 (S.D. Ill. July 3, 2013)(noting that district courts often require a showing that the "targeted language is clearly prejudicial to the movant" before granting a Rule 12(f) motion).

Defendant's 10th and 11th affirmative defenses speak to commonly raised defenses to employment discrimination claims. Looking broadly to Plaintiff's retaliation claim under Title VII, to succeed on such a claim, an employee first must establish a prima facie case of retaliation by showing that: (1) she engaged in a protected activity; (2) her employer took adverse action against her; and (3) there is a causal link between the protected activity and the adverse employment action. *King v. Preferred Technical Group*, 166 F.3d 887 (7th Cir. 1999). If an employee establishes a prima facie case of retaliation, the burden of production shifts to the employer who must articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* The 10th and 11th defenses, which allege a lack of similarly situated individuals outside of Plaintiff's protected class and suggest that there are legitimate, non-discriminatory, non-retaliatory reasons for Plaintiff's discharge, are relevant to the dispute between the parties. Accordingly, these affirmative defenses are proper and will not be stricken.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion to strike (Doc. 27) is **GRANTED in part** and **DENIED in part**. Affirmative defenses 1, 2, 3, 6, 8, and 12 in Defendant's answer to Plaintiff's amended complaint (Doc. 26) are **STRICKEN with prejudice** because they are not proper affirmative defenses. Affirmative defenses 7 and 9 are **STRICKEN without prejudice** with leave to amend within twenty-one (21) days. Plaintiff's motion is denied in all other respects.

**SO ORDERED.**

Dated: March 26, 2021

_____
DAVID W. DUGAN
United States District Judge