**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

AMANDA MARROY,       )
                        )
       Plaintiff,       )
                        )
vs.                    )     **Case No. 20-cv-972-DWD**
                        )
AISIN MFG. ILLINOIS LLC,  )
                        )
       Defendant.    )

<u>ORDER</u>

**DUGAN, District Judge:**

This matter is before the Court on seven motions filed by Plaintiff Amanda Marroy: Motion to Deem Facts Admitted (Doc. 37), Motion to Deem Facts Admitted (Doc. 39), Motion to Compel (Doc. 42), Motion to Compel (Doc. 55), Motion to Deem Facts Admitted (Doc. 59), Motion to Strike (Doc. 69), and Motion for Protective Order (Doc. 70). On July 1, 2021, the Court held a hearing on the motions. In preparation for this hearing, the Court directed the parties to "meet, confer, and report" (*See* Doc. 86). The parties submitted discovery reports to the Court via email on June 30, 2021.

At the July 1, 2021 hearing, the Court **GRANTED** the Motion to Compel (Doc. 55) and **ORDERED** the parties to immediately discuss available dates to take depositions. The depositions **SHALL** be taken within two weeks after the parties' settlement conference, which is currently scheduled for July 27, 2021. The parties represented that they are in agreement on the location of the depositions and prefer that the depositions be taken in-person. The Court further **DENIED** the Motion for Protective Order (Doc.

70) and instructed the parties that if any privilege issues arose during depositions then the parties could approach the Court with their dispute.

The parties also represented that they had resolved all outstanding discovery issues related to the Motion to Deem Facts Admitted (Doc. 59). Accordingly, the Court **DENIED** the Motion (Doc. 59) as moot. Finally, Plaintiff agreed to supplement her responses to Defendant's discovery issues related to commissions and earnings. The parties agreed to supplement their discovery responses and disclosures by July 12, 2021. As for the remaining motions, and having reviewed the discovery reports, the parties' briefing and after hearing arguments, the Court **ORDERS** as follows:

1. Plaintiff's Motion to Deem Facts Admitted (Doc. 37). By this Motion Plaintiff seeks to deem No. 24 and No. 26 of Plaintiff's First Request to Admit Facts (*see* Doc. 35; Doc. 37-2) as admitted. Defendant represents that it will be admitting No. 26, and therefore the parties' dispute as to this No. 26 is resolved. As for Request to Admit No. 24, the request states:

> 24. Defendant's Attendance Policy attached as Plaintiff's Exhibit No. 5 at p. 13 ¶ 4 expressly states that absences incurred by its employees with work-related injuries will not be recorded as an "occurrence of absences" that can lead to termination.

Defendant submitted the following answer in response:

> Defendant objects to Request No. 24 as it is vague and misleading. Further answering, Defendant admits that its attendance policy states, in part: "work related injury, medical/personal leave (prior authorization required), or two marriage days (prior authorization required) will not be recorded as an OCCURRENCE OF ABSENCE under this policy." Further answering, the document speaks for itself.

(Doc. 35, p. 5; Doc. 37-2, p. 5). Defendant's objection to this Request No. 24 is **OVERRULED**. Defendant is **DIRECTED** to amend its response by **July 30, 2021**. Accordingly, Plaintiff's Motion to Deem Facts Admitted is **DENIED, without prejudice**.

2. Plaintiff's Motion to Deem Facts Admitted (Doc. 39). By this Motion Plaintiff seeks to deem No. 1 of Plaintiff's Second Request to Admit Facts (*see* Doc. 38; Doc. 39-2) as admitted. Request to Admit No. 1 states:

> 1. Defendant never expressly made any claim in its Position Statement to the Illinois Department of Human Rights, attached as Plaintiff's Exhibit No. 1 on pp. 1-6, that providing the Plaintiff with any additional time off or a leave of absence beyond her twelve weeks of Family Medical Leave for her temporary inability to work due to medical conditions related to her pregnancy and childbirth was an undue burden under the Illinois Human Rights Act, 775 ILCS 5/2-102(J)(1) through (4).

Defendant submitted the following answer in response:

> Defendant admits that the document attached as Plaintiff's Exhibit No. 1 is a true and accurate copy of the position statement submitted to the Illinois Department of Human Rights. The document speaks for itself.

(Doc. 38; Doc. 39-2). Plaintiff's Motion to Deem Facts Admitted (Doc. 39) is **DENIED.**

3. Plaintiff's Motion to Compel (Doc. 40). By this Motion Plaintiff seeks to compel answers to Plaintiff's First Set of Interrogatories No. 19 (Doc. 40-3). Interrogatory No. 19 seeks to discover the names, addresses, phone numbers, job titles, and current employment status of Defendant's management employees "most knowledgeable of the Defendant's net worth from 2019 to present." (Doc. 40-3, p. 3). Defendant objects to this Interrogatory as irrelevant, overbroad, not reasonably limited in time and scope, and as not proportional to the needs of the case (*Id.*). Defendant further objects to discovery related to its net worth at this time, arguing that any determination of Plaintiff's net worth

is premature until the Court determines whether Plaintiff's punitive damages claim survives a motion for summary judgment.

Apart from Defendant's assertion that this information is not relevant to this case, Defendant does not specifically argue that discovery into its net worth is irrelevant to an award of punitive damages. *See Yund v. Covington Foods, Inc.*, 193 F.R.D. 582, 589 (S.D. Ind. 2000) (denying plaintiff's motion to seek discovery of defendant's net worth in order to assess punitive damages because a corporate defendant's net worth is irrelevant to the assessment of punitive damages against it); *but see EEOC v. Staffing Network*, 2002 WL 31473840, at *4 (N.D. Ill. 2002) (finding that a corporate defendant's financial information may be relevant for purposes of Rule 26). Instead, Defendant argues that any discovery into its net worth should be delayed until after a determination that it will be liable for punitive damages.

Evidence of any party's net worth should be considered with great care. However, at least in theory, evidence of Defendant's net worth could be relevant to a claim of punitive damages. Plaintiff asserts claims under the Illinois Human Rights Act and Title VII of the Civil Rights, including an award of punitive damages (Doc. 25). Under certain circumstances, an award of punitive damages may be permitted under both acts. However, Federal law and Illinois law differ in their treatment of the relevance of financial data reflecting a defendant's profits or net worth as evidence supporting a determination of punitive damages. Under Illinois law, it is well-established that a defendant's financial status is a relevant factor relevant in determining punitive damages. See *Pickering v. Owens–Corning Fiberglass Corp.*, 265 Ill. App. 3d 805, 823 (5th Dist. 1994)

("It is well settled that evidence of a defendant's net worth and pecuniary position may be introduced in a case in which punitive damages is an issue.").

However, the federal law in this circuit is decidedly less clear. In *Newport v. Fact Concerts*, 453 U.S. 247, 270 (1981), the Supreme Court set out the general rule that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." The Seventh Circuit, however, has suggested that financial information regarding a defendant corporation's net worth or profits may be irrelevant to the consideration of an award of punitive damages, at least under federal law. *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992). Several courts in the circuit have opined that *Zazu* has been interpreted too broadly and that a defendant corporation's financial data may be a relevant factor to an award of punitive damages. *See Donald v. Wexford Health Sources, Inc.*, 266 F.Supp.3d 1097 (C.D. Ill. 2017) (describing district court split on applying *Zazu*, and noting that the majority of district courts find that *Zazu*'s punitive damages analysis to be *dictum*); *Isbell v. John Crane, Inc.*, 74 F.Supp.3d 893, 898-899 (N.D. Ill. 2014) (citing cases).

Accordingly, given the broad discovery contemplated by Rule 26, at this junction, the Court cannot say that defendant's financial information is irrelevant in this case. Also, Defendant does not argue that it will suffer harm due to the confidential nature of these documents. Accordingly, Plaintiff's Motion to Compel (Doc. 40) is **GRANTED**. Defendant is **DIRECTED** to answer the Interrogatory No. 19 by **July 30, 2021**. This ruling is without prejudice to Defendant's right to renew its objection in a pre-trial motion in limine or other motion as may be appropriate.

4.      Plaintiff's Motion to Compel (Doc. 42).  By this Motion, Plaintiff seeks to compel responses to its First Request for Production No. 45 (Doc. 42-2).  Request for Production No. 45 seeks to compel the disclosure of "any financial documents showing the Defendant's net worth from the year 2019 to present" (Doc. 42-2, p. 12).  Defendant again objects to this request as irrelevant, not proportional to the case, and as premature (*Id.*).  However, Defendant does not specifically argue that discovery into its net worth is irrelevant to an award of punitive damages.  Nor does Defendant argue that it will suffer harm due to the confidential nature of these documents.  However, the request is overly broad and will undoubtedly precipitate the production of an unnecessarily large volume of records when existing compilations and summaries will allow the Plaintiff to adequately prepare her case. Accordingly, Plaintiff's Motion to Compel (Doc. 42) is **GRANTED** in part.  Defendant is **DIRECTED** to respond to First Request for Production No. 45 by **July 30, 2021** by producing for the calendar years 2019 and 2020 all existing quarterly and year-end financial balance sheets, income statements, cash flow statements, Earnings per Share statements, and all similar documents which evidence by compilation or summary the net worth of the Defendant.   This ruling is without prejudice to both the Plaintiff's right to request documents in support of the documents produced pursuant to this request and Defendant's right to renew its objection in a pre-trial motion in limine or other motion as may be appropriate.

5.      Plaintiff's Motion to Strike (Doc. 69) is **GRANTED**.   Defendant is **DIRECTED** to file an amended answer and affirmative defenses by **July 30, 2021**.

6.　　Forthcoming settlement conference.　As discussed at the July 1, 2021 hearing, the parties' settlement conference set for July 27, 2021 will proceed as scheduled. The parties are again reminded that they **SHALL** participate in this settlement conference in good faith.

　　　　**SO ORDERED**.

　　　　Dated: July 15, 2021

_____
DAVID W. DUGAN
United States District Judge